IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| HAKEEM WHITE, on behalf of himself and others similarly situated, *Plaintiff*, v. SOMEONE CARES INC. OF ATLANTA, RONNIE E. BASS, and WINSTON LIBURD, *Defendants*. | CIVIL ACTION NO. _____ JURY TRIAL DEMANDED COLLECTIVE ACTION |

**COLLECTIVE ACTION COMPLAINT**

## I.   SUMMARY

1. Someone Cares Inc. of Atlanta, Ronnie E. Bass and Winston Liburd (collectively "Defendants"), are violating the Fair Labor Standards Act ("FLSA") by forcing their employees to work overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Defendants are legally obligated to pay.

2. Plaintiff Hakeem White ("Plaintiff") worked for Defendants as a Program Manager/Outreach Coordinator in Atlanta, Georgia. Defendants denied Plaintiff the compensation he is due under the FLSA. Defendants damaged Plaintiff

1

by this illegal policy or practice.  Plaintiff brings this lawsuit on behalf of himself and all other similarly situated current or former, hourly-paid outreach personnel to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to him individually and on behalf of other similarly situated individuals.

## II.   JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 et seq.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Northern District of Georgia.  28 U.S.C. § 1391(b)(2).

## III.   THE PARTIES

5. Plaintiff performed outreach services for Defendants, assisting community members in the greater Atlanta, Georgia area.  He performed various services for Defendants' clients, including but not limited engaging, educating, and providing health services for individuals in need of sexual health primary care, HIV testing, STD screening and treatment, intensive mental health, and substance abuse counseling/treatment.  He regularly worked over 40 hours per week without

receiving all the compensation he was due under the FLSA. Attached is Plaintiff White's consent as Exhibit A.

6. The class of similarly situated employees consists of all current and former hourly-paid outreach personnel, who were employed by Defendants during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant Someone Cares Inc. of Atlanta, is a Domestic Nonprofit Corporation with a principal place of business at 1950 Spectrum Circle Suite 200, Marietta, Georgia 20067, that is engaged in commerce in the United States and is otherwise subject to the FLSA. Defendant Someone Cares Inc. of Atlanta employed Plaintiff within the meaning of the FLSA. Defendant may be served with process by serving its registered agent, Ronnie E. Bass at 1950 Spectrum Circle Suite 200, Marietta, Georgia 30067.

8. Defendant Ronnie Bass is the Chief Executive Officer of Defendant Someone Cares Inc. of Atlanta. He is an individual residing in Marietta, Georgia. Defendant Bass, upon information and belief, possessed control over Someone Cares Inc. of Atlanta's actual operations in a manner that directly relates to Plaintiff's employment and that of those similarly situated to Plaintiff. Defendant Bass directly affected employment-related factors such as workplace conditions and/or

operations, personnel, and/or compensation. Ronnie Bass may be served with process at 400 W. Peachtree St NW #3413, Atlanta, GA 30308.

9. Defendant Winston Liburd is the Chief Financial Officer of Defendant Someone Cares Inc. of Atlanta. He is an individual residing in Marietta, Georgia. Defendant Winston, upon information and belief, possessed control over Someone Cares Inc. of Atlanta's actual operations in a manner that directly relates to Plaintiff's employment and that of those similarly situated to Plaintiff. Defendant Winston directly affected employment-related factors such as workplace conditions and/or operations, personnel, and/or compensation. Winston Liburd may be served with process at 400 W. Peachtree St NW #3413, Atlanta, GA 30308.

### IV. BACKGROUND

10. The preceding paragraphs are incorporated by reference.

11. Defendants provide access to sexual health primary care, STD screening and treatment, mental health services, and substance abuse counseling/treatment. Upon information and belief, Defendants employ other outreach personnel similarly situated to Plaintiff to take care of their clients.

12. Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per work week. However, Defendants did not pay their employees one and one-half times their regular rate for all hours in

excess of 40 each week. Instead, Defendants pay their employees less than one and a half times their regular rate for all hours worked over 40 per week. As a result, Defendants fail to properly compensate their employees under the FLSA.

## V. PLAINTIFF'S INDIVIDUAL ALLEGATIONS

*A. Defendants Failed to Properly Pay Regular and Overtime Compensation.*

13. The preceding paragraphs are incorporated by reference.

14. Plaintiff worked for Defendants performing community outreach services, assisting clients as described above. During his employment, Plaintiff frequently worked four to five consecutive days during a workweek. In a workweek, Plaintiff often worked approximately 45 hours or more.

15. Defendants paid Plaintiff a set hourly rate for each hour worked, and Plaintiff was paid bi-weekly. However, Defendants paid Plaintiff less than one and a half times Plaintiff's regular rate for all hours worked over 40 hours per week, regardless of the number of hours suffered or permitted to work.

16. The FLSA requires Defendants to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at one and a half times Plaintiff's regular rate of pay for each hour Plaintiff works over 40 hours in a week. Defendants should have paid Plaintiff for 40 hours of regular pay and at least 5 hours or more of overtime in a typical

workweek, but Defendants failed to properly pay the Plaintiff one and a half times Plaintiff's regular rate for the 5 hours or more of overtime.

17. By failing to pay Plaintiff as described above, Defendants have deprived Plaintiff of a significant amount of regular and overtime compensation to which he is rightfully entitled.

B.   *Defendants Willfully Violated the FLSA.*

18. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff. Defendants failed to follow these rules when paying Plaintiff.

19. Defendants had a policy and/or practice of not properly paying their employees for all of the regular time and overtime they worked each week at the proper rate. Defendants knowingly disregarded the FLSA by, for example as shown below, purposely adjusting timesheets such that the FLSA's overtime provisions would not be triggered:



*Microsoft Teams Message from Defendant Liburd indicating timesheets exceeding 80 hours over a two-week pay period must be "adjusted."*

*Microsoft Teams Message From Defendant Liburd directing others to adjust timesheets to a maximum of 40 hours in a workweek to avoid paying overtime*



Defendants should have paid their employees their regular rate for all hours worked, and they should have paid their employees overtime compensation at one and one-half their regular rates for all hours worked in excess of 40 per workweek.

20. Defendants know or have shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

### VI. COLLECTIVE ACTION ALLEGATIONS

21. The preceding paragraphs are incorporated by reference.

22. Plaintiff is aware that Defendants' illegal policies or practices have been imposed upon Members of the Class. Like Plaintiff, the Members of the Class are employed by Defendants as outreach personnel, who performed the same duties as Plaintiff, as described above. As with Plaintiff, Members of the Class frequently work(ed) substantial amounts of overtime that was not properly compensated in accordance with the FLSA.

23. Upon information and belief, the Members of the class are/were also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

24. Defendants' failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or

practice at Defendants to pay their employees for less than all of the regular and overtime hours an employee is suffered or permitted to work. As such, the Members of the Class are owed additional regular time and overtime compensation for precisely the same reasons as Plaintiff.

25. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly-paid outreach personnel, who were employed by Defendants during the three-year period preceding the filing of this complaint.**

26. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

27. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII.   CAUSES OF ACTION

28. The preceding paragraphs are incorporated by reference.

29. As set forth above, Defendants violated the FLSA with respect to Plaintiff and Members of the Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing to provide proper

overtime pay for all hours worked in excess of 40 hours in a week.  29 U.S.C. §§ 206, 207.

30.	Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked as well as overtime compensation, at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours in a week.

31.	In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

32.	Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs.  29 U.S.C. § 216 (b).

## VIII.  JURY DEMAND

33.	Plaintiff demands a jury trial.  Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court award him and Members of the Class judgment against Someone Cares Inc. of Atlanta, Ronnie E. Bass and Winston Liburd for:

1. damages for the full amount of their unpaid wages;
2. damages for the full amount of their unpaid overtime compensation;

3. an amount equal to their unpaid wages and unpaid overtime compensation as liquidated damages;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.

DATED this 12th day of January, 2022.

Respectfully submitted,

**MICHAEL A. MILLS, P.C.**

/s/ *Michael A. Mills*
Michael A. Mills
Georgia Bar No. 509720
1349 W. Peachtree Street, NW
Suite 1995
Atlanta, Georgia 30309
Telephone: 404-815-9220
Facsimile: 678-317-0956
mike@millslegal.net

**BAILEY COWAN HECKAMAN PLLC**

/s/*Robert W. Cowan*
Robert W. Cowan
Texas State Bar No. 24031976
*Pro Hac Vice to be requested*
Hayden N. Wyatt
Texas Bar No. 24125876

*Pro Hac Vice to be requested*
Katie R. Caminati
Texas Bar No. 24098079
*Pro Hac Vice to be requested*
Four Oaks Place
1360 Post Oak Blvd., Suite 2300
Houston, TX 77056
Telephone: 713-425-7100
Facsimile: 713-425-7101
rcowan@bchlaw.com
hwyatt@bchlaw.com
kcaminati@bchlaw.com

## LOCAL RULE 7.1D CERTIFICATION

Pursuant to Local Rule 7.1D, I certify that this COMPLAINT FOR DAMAGES has been prepared with Times New Roman 14 Point, the font and point selections approved by this Court in Local Rule 5.1C.