# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION



| | | |
|---|---|---|
| HAKEEM WHITE, on behalf of himself and others similarly situated, | § § § | CIVIL ACTION NO. 1:22-cv-00141-ELR |
| *Plaintiffs*, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| SOMEONE CARES INC. OF ATLANTA, RONNIE E. BASS, and WINSTON LIBURD, | § § § § § | COLLECTIVE ACTION |
| *Defendants.* | § | |

## JOINT MOTION TO APPROVE SETTLEMENT

Hakeem White, on behalf of himself and other similarly situated (collectively "Plaintiffs") and Defendants Someone Cares Inc. of Atlanta, Ronnie E. Bass, and Winston Liburd (collectively "Defendants"), submit this Joint Motion to Approve Settlement (the "Motion"), respectfully seeking Court approval of their settlement (the "Settlement") of claims in this action.

The Parties reached the Settlement after months of investigation and arms-length negotiations. The Settlement, if approved, will provide meaningful relief to those affected. Accordingly, the Parties jointly request that the Court enter an Order approving the Settlement. A proposed order is attached hereto as ***Exhibit A***. In support of this motion, the Parties jointly state as follows:

1

## BACKGROUND

On January 12, 2022, Plaintiff Hakeem White, on behalf of himself and other similarly situated, filed this action against Defendants asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201. *et seq.* (the "FLSA"). (Dkt. 1.)  On January 24, 2022, Plaintiff Jerome McIntosh filed his Notice of Consent to join the lawsuit. (Dkt. 8.)  Plaintiffs are current and/or former hourly-paid outreach personnel of Defendants. (*Id.*)  The Complaint alleges that Defendants failed to pay Plaintiffs overtime compensation for all hours worked over 40 in a workweek, in accordance with the FLSA. (*Id.*)  More specifically, Plaintiffs allege that during the relevant period, Defendants had a policy and/or practice of purposely adjusting timesheets such that the FLSA's overtime provisions would not be triggered. (*Id.*)

On April 11, 2022, Defendants filed their Answer and Affirmative Defenses, responding to Plaintiffs' Complaint, denying that Defendants violated the FLSA. (Dkt. 19.)

The Parties engaged in extensive settlement negotiations based on their analysis and evaluation of relevant factors, including a number of factual questions that would be both costly and time-consuming to litigate, such as whether Plaintiffs worked in excess of 40 hours per week and whether such time was compensable.  To avoid protracted and expensive litigation over these substantive issues, the Parties agreed to settle the claims in this case.  The Parties are now seeking approval of the

Settlement from the Court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–1354 (11th Cir. 1982).

This Settlement is the compromise of disputed claims and does not constitute an admission by Defendants of any violation of federal, state, or local law, or any duty owed to Plaintiffs. Defendants expressly deny having engaged in any wrongdoing or unlawful conduct. Furthermore, Defendants dispute Plaintiffs' entitlement to the amounts to be paid under this Settlement absent this Settlement. Nevertheless, the Parties have entered into this Settlement to avoid the risks, distractions, and costs that will result from further litigation. A copy of the executed Settlement Agreement (the "Agreement") is attached hereto as ***Exhibit B***.

The Parties therefore jointly request that the Court approve the Parties' Settlement.[1]

## LEGAL AUTHORITIES

### A.    The FLSA Permits the Settlement and Release of Claims with Court Approval.

In the Eleventh Circuit, there are two ways in which claims under the FLSA may be settled and released. First, Section 216(c) of the FLSA permits individuals to settle and waive their claims under the FLSA if the payment of alleged unpaid

---

[1] As set forth in the Settlement Agreement, Plaintiffs agree to dismiss the lawsuit with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) after receipt of the final payment of settlement consideration.

wages is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores*, 679 F.2d at 1353.  Second, where a private lawsuit is brought under Section 216(b) of the FLSA, an individual may settle and release FLSA claims so long as the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*  In addressing the circumstances justifying court approval of FLSA settlements, the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

## B.    The Settlement is a Fair and Reasonable Resolution of the Bona Fide Disputes Between the Parties.

Following good faith, arms-length negotiations, the Parties have reached a settlement of all claims, which represents the resolution of a bona fide dispute between the Parties regarding the merits asserted in the action.  Moreover, there has been no collusion, fraud, or any other inappropriate conduct by the Parties or their

counsel.  Due to the disputed facts between the Parties, the uncertainties of litigation, and the benefit of both Parties in avoiding the expense and time associated with litigation, the Parties have agreed to settle this matter pursuant to the terms set forth in the Agreement attached hereto as ***Exhibit B***.

The proposed Settlement arises out of an FLA collective action brought by Plaintiffs against Defendants, which is adversarial in nature.  During the litigation and Settlement of this action, the Parties were represented by experienced counsel.

The Parties further agree that the Settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed facts at issue.  Specifically, the Parties disagree as to whether Plaintiffs performed work in excess of 40 hours each work week and whether such time spent working, if any, was subject to overtime compensation.

The Parties, therefore, engaged in settlement discussions based upon their independent valuations of the case.  The Parties, through their attorneys, voluntarily agreed to the terms of this Settlement during negotiations.  The Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.  The Parties have signed the Settlement Agreement setting forth the terms of their agreement.  The Parties believe the Settlement reached is fair, reasonable, and adequate and thus should be approved by the Court.

**C.    Plaintiffs Allocation of the Settlement is Fair and Reasonable.**

As noted above, Plaintiffs' claims against Defendants were strenuously contested by the latter, including the amount of overtime hours Plaintiffs alleged to have worked and that Defendants acted in good faith such that no liquidated damages were due.    Therefore, Plaintiffs' success on the merits is uncertain.    During the litigation, the Parties exchanged documents, including certain timekeeping and payroll records for each of the Plaintiffs, as well as communications between Plaintiffs and Defendants.

Based on the timekeeping and pay records provided by Defendants for each Plaintiff, and Plaintiffs' declarations submitted with the conditional certification motion (Dkt. 25),[2]  Plaintiff's counsel created individual, detailed spreadsheets for each Plaintiff to determine the number of hours each week Plaintiff worked and did not receive full overtime wages for all hours over 40.    Plaintiffs' counsel took the overtime hours that did not receive 1.5 times each Plaintiffs' regular rate and multiplied that by the respective overtime rate.    Plaintiffs' damages were only calculated for the weeks where individual Plaintiffs alleged they worked over 40 hours per week.

---

[2] Although the Plaintiffs filed their Motion for Conditional Certification (Dkt. 25), no collective action was ever certified by the Court and no additional opt-in plaintiffs joined the lawsuit.

In exchange for a limited release of FLSA-related claims, Plaintiffs will receive $8,950.58 under the Settlement Agreement, which represents the compromised amount of each Plaintiff's alleged back wages and liquidated damages that Plaintiffs' counsel has estimated he is owed during the statutory period using the above-described calculation method. (*See* Exhibit B at § I.A.)  The same calculation method was applied to both Plaintiffs.  The terms of the Settlement Agreement were approved and signed by Plaintiffs Hakeem White and Jerome McIntosh. Such awards are fair and reasonable in light of the strengths and weaknesses of Plaintiffs' claims, and allows both Parties to minimize future risks and litigation costs.

**D.    Plaintiffs are Entitled to Payment of Their Attorneys' Fees and Costs.**

Section 216(b) of the FLSA provides that "[t]he court in such action *shall*, in addition to any judgment award to the plaintiff or plaintiffs, allow a reasonable attorney to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added).  An award of attorneys' fees to a prevailing plaintiff under Section 26(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *Sahyers v. Prugh, Holdiay & Karatinos*, 603 F.3d 888, 893 n.1 (11th Cir. 2010).

Congress enacted fee-shifting statutes to ensure that federal rights are adequately enforced.  Under a fee-shifting statute, "a 'reasonable' fee is a fee that is

sufficient to induce a capable attorney to undertake the representation of a meritorious" action to vindicate the rights protected under the statute. *Perdue v. Kenney A.*, 559 U.S. 542, 552 (2010). The Supreme Court has stated that there is a "strong presumption" that the lodestar figure represents a reasonable attorneys' fee, which may be overcome only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id.*

Furthermore, "[i]n FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Spencer v. Cent. Servs., LLC*, No. CCB-10-03469, 2012 WL 142978, at *4 n.4 (D. Md. Jan. 13, 2012). Awarding employees their attorneys' fees is necessary to "provide an adequate economic incentive for private attorneys" to take FLSA cases and "thereby to ensure competent legal representation for legitimate claims." *Odil v. Evans*, No. 3:01CV70 (DF), 2005 WL 3591962, at *3 (M.D. Ga. Dec. 30, 2005).

Here, the Parties agreed to an attorney fee payment, as set forth in the Settlement Agreement. (Ex. B., § I.A.5.) The settlement amount includes $9,049.42 in attorneys' fees and litigation costs through the nearly seven-month litigation. Plaintiffs' counsel's attorneys' fees and costs are based upon a reduced amount of

their lodestar hours that was calculated from pre-litigation through the settlement process and are reasonable given the complex legal theories presented in the case, as well as the amount of resources expended to investigate, research, and analyze Plaintiffs' claims, calculate damages, and negotiate settlement.    Specifically, Plaintiffs' counsel has litigated this case since January 2022, which entailed: investigating the claims, drafting pleadings, drafting motion for conditional certification and proposed notice and consent forms, communications with clients, analyzing timekeeping and payroll records, creating spreadsheets to calculate damages for Plaintiffs, conferring on discovery disputes and submitting a discovery statement, as well as negotiating, seeking approval of, and administering (upon approval) the Settlement.    The activities undertaken in litigating this case and reaching the present agreement were reasonable and necessary.

The fees contained in the settlement agreement are consistent with the lodestar amount.    The lodestar amount is the reasonable hourly rate multiplied by hours reasonably expended. *Cain v. Almeco USA, Inc.*, No. 1:12-cv-3296-TWT, 2014 WL 2158413, at *1 (N.D. Ga. May 23, 2014).    As to the time and labor required for this litigation, attached to this Motion as ***Exhibit C*** is the Declaration of Robert Cowan (lead counsel for Plaintiffs) outlining the attorneys' fees and advancing litigation expenses incurred in this action and the reasonableness of said fees and expenses. At the time this motion was drafted, Plaintiffs' counsel has expended in excess of

86.6 hours litigating this case for a lodestar total of over $21,650.  In light of the above, Plaintiffs submit that the attorneys' fees and costs are reasonable and should be approved.

## CONCLUSION

The Parties jointly and respectfully request that the Court approve the Settlement Agreement of the Parties.  A Proposed Order has been attached for the Court's convenience as ***Exhibit A***.

Dated this 13th day of October, 2022

**BAILEY COWAN HECKAMAN PLLC**

/s/*Robert W. Cowan*
Robert W. Cowan
Texas State Bar No. 24031976
*Admitted Pro Hac Vice*
Hayden N. Wyatt
Texas Bar No. 24125876
*Admitted Pro Hac Vice*
Katie R. Caminati
Texas Bar No. 24098079
*Admitted Pro Hac Vice*
Four Oaks Place
1360 Post Oak Blvd., Suite 2300
Houston, TX 77056
Telephone: 713-425-7100
Facsimile: 713-425-7101
rcowan@bchlaw.com
hwyatt@bchlaw.com
kcaminati@bchlaw.com

**MICHAEL A. MILLS, P.C.**

/s/ *Michael A. Mills*
Michael A. Mills
Georgia Bar No. 509720

1349 W. Peachtree Street, NW
Suite 1995
Atlanta, Georgia 30309
Telephone: 404-815-9220
Facsimile: 678-317-0956
mike@millslegal.net


*Attorneys for Plaintiffs*

**SPIRE LAW LLC**
By:  */s/  Ian E. Smith*
Ian E. Smith, Esq.
Georgia Bar No. 661492
Whitney M. DuPree, Esq.
Georgia Bar No. 880909
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765
407.494.0135
ian@spirelawfirm.com
whitney@spirelawfirm.com
filings@spirelawfirm.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that the above and foregoing document was filed via this Court's

CM/ECF system, which automatically serves all registered counsel of record in

this case.

*/s/ Robert W. Cowan*
Robert W. Cowan

11

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D</u>

In accordance with Northern District of Georgia Local Rule 7.1(D), the undersigned certifies that PLAINTIFF'S DISCOVERY STATEMENT has been prepared using 14-point Times New Roman font in compliance with Local Rule 5.1.

*/s/ Robert W. Cowan*
Robert W. Cowan
