IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |  |
|---|---|---|
| HAKEEM WHITE, on behalf of himself and all other similarly situated, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | 1:22-CV-00141-ELR |
| SOMEONE CARES, INC. OF ATLANTA, et al., | * * * | |
| Defendants. | * * | |

**O R D E R**

Presently before the Court is the Parties' "Joint Motion to Approve Settlement." [Doc. 31]. By their motion, the Parties request that the Court approve their proposed settlement agreement (the "Settlement Agreement"). [Doc. 31-2]. Significantly, Plaintiffs Hakeem White and Jerome McIntosh's claims arise under the Fair Labor Standards Act ("FLSA"), which was enacted for the purpose of "protect[ing] all covered workers from substandard wages and oppressive working conditions." See Christopher v. SmithKline Beecham Corp., 567 U.S. 142, 147 (2012) (internal quotation marks omitted) (quoting Barrentine v. Ark.-Best Freight Sys., 450 U.S. 728, 739 (1981)). Taking into account the disparity of bargaining power that often exists between employers and their employees, Congress made the

FLSA's wage and hour limitations mandatory. See Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Thus, employers are prohibited from negotiating agreements that require employees to waive certain minimum protections provided for by the FLSA. See id.

The Eleventh Circuit has acknowledged that there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The first option, which is inapplicable to this case, involves actions taken by the Secretary of Labor. See id. at 1353. The second route, on the other hand, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b). See id. If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court may enter a stipulated judgment. See id. at 1355. In this context—when the employee is represented by counsel—there is some assurance that the employee's rights pursuant to the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." See id. at 1354. To that end, the Court notes that Plaintiffs are represented by counsel in the present action.

After reviewing the Parties' instant motion, the Court finds that there is a bona fide dispute regarding claims arising under the FLSA and that the Parties' Settlement Agreement represents a fair and reasonable resolution of those claims. [See Docs. 31, 31-2]. As to the bona fide nature of the Parties' dispute over Plaintiffs' FLSA claims, Plaintiffs allege that Defendants Someone Cares, Inc. of Atlanta, Ronnie E. Bass, and Winston Liburd "failed to pay Plaintiffs overtime compensation" and "had a policy and/or practice of purposely adjusting timesheets such that the FLSA's overtime provisions would not be triggered." [Doc. 31 at 2]. Defendants dispute Plaintiffs' allegations and deny that they violated the FLSA. [Id. at 2, 6]. The Court finds that this disagreement is sufficient to establish the requisite bona fide dispute between the Parties over a FLSA claim.

As to the fairness and reasonableness of the Parties' settlement of Plaintiffs' FLSA claims, the Parties state that Plaintiffs' will each receive $4,475.29 of the $18,000.00 settlement, "which represents the compromised amount of each Plaintiff's alleged back wages and liquidated damages" calculated by Plaintiffs' counsel. [Id. at 7; 31-2 at 3]. In an email to the Court on November 4, 2022, Plaintiffs' counsel represented that the total amount Plaintiff White claims he is owed is $6,669.00 while Plaintiff McIntosh claims he is owed $1,128.00. In comparison, the compromised amounts appear to be fair and reasonable because they represent a significant portion of what Plaintiffs claim they are owed (67% for Plaintiff White and over 100% for Plaintiff McIntosh), reflect "the strengths and weaknesses of Plaintiffs' claims, and

3

allow both Parties to minimize future risks and litigation costs." [Doc. 31 at 6–7]; see Jimenez v. Pizzerias, LLC, No. 1:16-CV-22035-KMM, 2017 U.S. Dist. LEXIS 129820 at *10–11 (S.D. Fla. Aug. 14, 2017) (finding a "total settlement" of "approximately two-thirds . . . of the maximum value of actual damages calculated by [p]laintiffs' counsel" to be fair and reasonable and collecting cases approving settlements of lesser values). Further, the Settlement Agreement's release is limited to FLSA claims and all correlative common law claims associated with nonpayment or underpayment of wages, and it does not contain the confidentiality, waiver of future employment, or non-disparagement clauses of which courts often disapprove. [See generally Doc. 31-2]; see also DeGraff v. SMA Behav. Health Servs., Inc., 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013) (explaining that general releases and confidentiality and non-disparagement provisions in FLSA settlements are disfavored); Coleman v. Target Corp., No. 6:12-CV-1315-Orl-37GJK, 2013 WL 867891, at *6 (M.D. Fla. Mar. 1, 2013) (finding that a release of "claims for unpaid wages and any other wage and hour or related claims that were raised in this action, are based on the same factual predicate as this action, or could have been raised in this action" to be reasonable and different from an impermissible pervasive general release for all known and unknown claims), report and recommendation adopted as modified, 2013 U.S. Dist. LEXIS 31377 (Mar. 6, 2013) (modifying the R&R to clarify that the Coleman plaintiff's release can permissibly apply to "only those wage-and-hour or related claims that arise out of the facts alleged in the instant action"); Garcia

v. B&B Trucking Servs., Inc., No. 5:17-CV-111-Oc-PGBPRL, 2017 WL 3207227, at *2 (M.D. Fla. July 12, 2017) (discussing waiver of future employment provisions in FLSA settlements), report and recommendation adopted, 2017 WL 3193668 (July 27, 2017).

Because Plaintiffs receive a "compromised amount of [their] back wages and liquidated damages" that represents a significant portion of what they claim they are owed and accounts for the "strengths and weakness of Plaintiffs' claims" and because the Settlement Agreement does not contain any of the above-referenced disfavored provisions, the Court agrees with the Parties that their proposed settlement is "fair and reasonable[.]" [See Doc. 31 at 7]; see also Lynn's Food Stores, Inc., 679 F.2d at 1354 ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.").

Additionally, the Court finds Plaintiffs' counsel's legal fees to be reasonable. [See Doc. 31-2 at 3]; see also Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) ("The FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wrong employee recovers under a settlement agreement."). Though the $9,049.42 award of attorney's fees and costs is relatively high in relation to the $8,950.58 award to Plaintiffs, the Court finds that sum to be appropriate here,

5

given that Plaintiffs' counsel's calculated lodestar amount (supported by documentation) is approximately $21,650.00 and Plaintiffs' counsel advanced approximately $1,277.55 in litigation costs.  See Declaration of Robert W. Cowan ("Cowan Decl.") at ¶¶ 3–8 [Doc. 31-3]; see also James v. Wash Depot Holdings, Inc., 489 F. Supp. 2d 1341, 1353 (S.D. Fla. 2007) (holding award of $114,021.00 in attorney's fees—a 50% lodestar reduction—was reasonable despite plaintiff recovering only $3,493.62 in his FLSA claim).

For the foregoing reasons, the Court **GRANTS** the Parties' "Joint Motion for Approval of FLSA Settlement."  [Doc. 31].  The Court **APPROVES** the Parties' Settlement Agreement.  [Doc. 31-2].  Pursuant to the terms of the Settlement Agreement, the Court **DIRECTS** the Parties to file a Rule 41(a)(1)(A)(ii) stipulation of dismissal within five (5) days of the date of this order.

**SO ORDERED**, this 8th day of November, 2022.

_Eleanor L. Ross_
Eleanor L. Ross
United States District Judge
Northern District of Georgia